## Brock Cemetery Trusts Case

*Harry Strouse*, for accountant.

GANGLOFF, P. J., October 15, 1962.—Zion's Reformed Church of Ashland, in our County of Schuylkill, is trustee of 15 different inter vivos trusts created for the purpose of providing perpetual care of lots in Brock Cemetery located in Ashland, in our County of Schuylkill. The trustee filed an account of its administration of these trusts and in doing so charges itself with the principal or corpus of each trust and shows a blended total of $2,900. This blended total consists of $2,600 original corpus of the combined trusts, and $300 identified as "Difference between par value of U. S. Treas-

ury bonds on hand $2900.00 and principal paid into Trust Fund $2600.00." The balances actually in the hands of the trustee consists of three $1,000 United States Treasury three percent bonds due February 15, 1995, carried at book value of $3,000. The accountant states under summary of assets: "Since the balance in the fund is only $2,900.00, if these bonds are awarded to Brock Cemetery Association the Association will owe the Trustee the sum of $100.00 which the Association agrees to pay to the Trustee."

A glance at the government bond market quotations indicates that the three percent bonds of 1995 are selling about ten points below par. The agreement whereby the bonds on hand are to be valued at par appears to be based upon the assumption that the bonds are a permanent investment to be held until maturity in a perpetual trust and are an obligation which will be paid in full at maturity.

The purposes of the present accounting are threefold, namely: (1) confirmation of the account; (2) acceptance of the resignation of the accountant as trustee, and (3) an award of the balances on hand to Brock Cemetery Association.

The facts in general outline are as follows:

(a) All of the trusts here accounted for were created for the purpose of supplying income perpetually for the care and maintenance of individual lots in Brock Cemetery aforesaid. All of the agreements creating the trusts in this case are identical except the trust for maintenance of the Christiania Herold lot, and as to the latter the general purpose is the same as in the other trusts. In general, therefore, all of the trusts were created for care and maintenance of the respective cemetery lots including "repairing and straightening foundations or markers, monuments and tombstones, but shall not include repairing or replacing any monuments, mausoleums, marble or other work, nor shall it

include repairing or replacing any damage to or subsidence of the earth or foundations caused by, or due to, mine settlement or mining operations."

(b) Brock Cemetery has been in existence for over 100 years. It is stated in the record that "Within the thirty years prior to November, 1960, there was no overall management of the cemetery, with the upkeep and maintenance of the various lots matters of individual responsibility. The result was an unsatisfactory condition; some lots received excellent care but many were completely unkempt, and weeds, debris, and trees marred the general appearance."

(c) By decree of our court of common pleas, entered November 28, 1960, Brock Cemetery Association became a statutory nonprofit corporation "To operate, conduct and maintain a cemetery or burial ground located within the limits of the Borough of Ashland, County of Schuylkill, and State of Pennsylvania." This association, now incorporated, is managing, maintaining and caring for the entire Brock Cemetery; it has established a perpetual care fund which, at the time the account was filed, amounted to $20,471.83.

(d) The trustee (accountant) avers "That since Brock Cemetery Association has been created and is engaged actively in maintaining and managing the cemetery, and since Brock Cemetery Association has accumulated a perpetual care fund of its own, your petitioner believes that it would be to the interest and advantage of your petitioner, Brock Cemetery Association, the individual lots for the care of which your petitioner is Trustee, and the cemetery generally, to combine the Trusts of your petitioner with the fund of Brock Cemetery Association, and to have Brock Cemetery Association administer said trusts as substitute Trustee."

(e) The Brock Cemetery Association has agreed in writing made part of the record to accept the various

trusts accounted for and "to carry out the purposes of the trusts to the best of its ability."

Lengthy discussion of the aims of the parties before the court in this proceeding is unnecessary. Judicial notice may be taken of what admittedly is fact, namely, the administration of trust funds for perpetual care of individual cemetery lots has proved unsatisfactory over the years where the funds are held and administered by trustees limited in the use of income to a lot here and there. A more satisfactory way is to merge the trust funds into one common fund to be administered by a responsible cemetery association organized and obligated to care for and maintain the entire cemetery rather than an individual lot here and there. Cemetery trusts have become unpopular with corporate trustees primarily because of the difficulties encountered in caring for individual lots here and there and because the compensation generally does not measure up to the value of the services performed. Merging several trusts into one should simplify the question of investing the funds and, generally speaking, may result in greater income (having due regard to statutory requirements with respect to investment of trust funds).

The request for the appointment of a successor trustee in this case is governed by the provisions of the Act of October 26, 1959, P. L. 1381, as amended by the Act of September 15, 1961, P. L. 1330. This latter act provides, inter alia:

"Every nonprofit or business corporation heretofore or hereafter incorporated under the laws of the Commonwealth of Pennsylvania for the purpose of conducting or maintaining a public or private cemetery therein . . . may be appointed the original trustee or, when for any reason a vacancy may occur in a trusteeship, substituted or successor trustee for, and as such may receive devises, bequests or gifts, the principal of which is to be held in trust, in perpetuity or for a lesser period

of time, for the care, maintenance, preservation, ornamentation or benefit of its cemetery or burial ground or cemetery lots therein in which burial rights have been or may hereafter be granted, upon giving its own bond without surety, provided the court having jurisdiction of the appointment of any such trustee or substituted or successor trustee so to be appointed has made proper provision for the administration of said devises, bequests or gifts, separate and apart from the corporate assets of said corporation or political subdivision." To which should be added that the same act authorizes the trustee to "combine and merge the principal of two or more such trust funds in an omnibus fund for purposes of investment of the same."

The account stated in this case shows that in each trust the original principal remains intact. There is no detailed account of income; however, the accountant avers that all of the income in each trust has been consumed in accordance with the provisions of the respective trusts.

We conclude, therefore, that: (1) the account should be confirmed; (2) the resignation of the trustee should be accepted; (3) the Brock Cemetery Association should be appointed successor trustee; and (4) an award of the balance on hand should be made to the successor trustee in accordance with the statutory provisions.

And now, October 15, 1962, it is adjudged, ordered and decreed as follows:

(1) The account of Zion's Reformed Church of Ashland, Pennsylvania, as trustee of the respective trusts in the account identified, is confirmed absolutely.

(2) The resignation of Zion's Reformed Church of Ashland, Pennsylvania, as trustee of the respective trusts in the account identified is accepted and ratified.

(3) The Brock Cemetery is appointed successor trustee to administer the 15 respective trusts in the account

separately identified and in accordance with the provisions of the respective trusts so identified.

(4) The Zion's Reformed Church aforesaid, trustee, is authorized and directed to deliver to Brock Cemetery Association the three $1,000 United States Treasury bonds, three percent, due February 15, 1995, nos. 24147, 24149 and 24150, now in its hands as trustee subject, however, to the payment to it by Brock Cemetery Association of the sum of $100 in cash; and

(5) The Brock Cemetery Association is directed to file its bond without surety in the amount of $3,000 prior to delivery to it of the United States Treasury bonds aforesaid.